GEORGE C. PRESTON, Respondent, *v.* SAMUEL R. HAWLEY, Appellant.

To maintain an action for use and occupation of real property, it is not only necessary for plaintiff to prove title, but that the conventional relation of landlord and tenant existed between the parties.

While it is not essential to show that this relation was created by written instrument or express agreement, there must be proof of some circumstances authorizing an inference that the parties intended to assume that relationship toward each other.

A vendor of real estate who remains in possession of part of the property after the conveyance does not thereby become tenant to the purchaser, and is not liable for use and occupation.

*It seems* the remedy of the purchaser, if the vendor refuses to surrender the possession, is by action of ejectment alone, in which he may recover damages by way of mesne profits for the unlawful withholding of possession.

In an action for use and occupation it appeared that plaintiff purchased of defendant the premises in question, consisting of a hat factory and machinery therein. After the conveyance defendant allowed certain stock used in the business, which was on the premises at the time of the sale, to remain there for about two months after the conveyance. Plaintiff demanded rent, but this defendant refused to pay, offering to pay for storage ; this was about a month before he removed the stock. *Held,* that the evidence failed to show the existence of the relation of landlord and tenant ; and that the action was not maintainable.

(Argued March 3, 1886 ; decided March 23, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

Statement of case.

made May 30, 1884, which affirmed a judgment in favor of plaintiff.

This action was for use and occupation.

The material facts are stated in the opinion.

*George Wilcox* for appellant. This action being for use and occupation cannot be maintained unless the relation of landlord and tenant existed between the plaintiff and defendant. (*Thompson* v. *Power*, 60 Barb. 463, 477; *Sylvester* v. *Rawlston*, 31 id. 286; *Hall* v. *Southmayd*, 15 id. 36.) This relation cannot exist except by mutual agreement. (*Benjamin* v. *Benjamin*, 5 N. Y. 388; Woodf. Landl. & Ten. [11th ed.] 510; Tayl. Landl. & Ten. [7th ed.] 636; Dart on Vend. & Purch. 816; *Boston* v. *Binney*, 11 Pick. 1–9; *Greenup* v. *Vernon*, 16 Ill. 26; *Tew* v. *Jones*, 13 M. & W. 12.) A vendee who enters into possession after contract to purchase, which contract fails for any reason whatever — even his own fault — is not liable to an action for use and occupation. (*Smith* v. *Stewart*, 6 Johns. 46; *Bancroft* v. *Wardwell*, 13 id. 489; *Thompson* v. *Bower*, 60 Barb. 463; *Sylvester* v. *Rawlston*, 30 id. 286; *Hall* v. *Southmayd*, 15 id. 36.)

*Charles M. Preston* for respondent. The relation of landlord and tenant existed between the parties, and the action for use and occupation was well brought. (McAdam on Landl. & Ten., § 30; *Pierce* v. *Pierce*, 25 Barb. 243; *Thomas* v. *Nelson*, 69 N. Y. 118; *Reeder* v. *Sayer*, 70 id. 180; Abb. Tr. Ev. 351; *Despard* v. *Walbridge*, 15 N. Y. 374; *Coit* v. *Planer*, 7 Rob. 413.) The defendant by remaining on the premises after the notice that plaintiff regarded him as his tenant, and by his silence, ratified the understanding of plaintiff that defendant was there as tenant. (*Despard* v. *Walbridge*, 15 N. Y. 374; *Mark* v. *Burt*, 5 Hun, 28.) It is not necessary that defendant should have actually used the premises and property. If he had the right and power to do so plaintiff may recover. (34 N. Y. 284.) The action was properly brought and recovery had against defendant individually. (*People* v. *Univ. L. Ins.*

*Co.*, 30 Hun, 142 ; *Ferrin* v. *Meyrick*, 41 N. Y. 315 ; *Austin* v. *Munroe*, 47 id. 360 ; *Seaman* v. *Whitehead*, 78 id. 306 ; *New* v. *Nichol*, 12 Hun, 431 ; *Rogers* v. *Wheeler*, 43 N. Y. 598.)

RUGER, Ch. J. The plaintiff sought to recover in this action, for the use and occupation by the defendant, of certain real property belonging to the plaintiff.    It is not disputed by the respondent, but that it was not only necessary, to prove the title of the premises in the plaintiff, and the occupancy thereof by the defendant, but that the conventional relation of landlord and tenant existed between the parties, in order to maintain the action. (*Thompson* v. *Bower*, 60 Barb. 463, 476 ; *Sylvester* v. *Ralston*, 31 id. 286 ; *Hall* v. *Southmayd*, 15 id. 32, 36.) This is the uniform doctrine of the cases, and elementary writers, and has been indisputable law since the enactment of the statute authorizing this form of action.    It is not, however, essential that the relation should be created by written instrument or express agreement, but there must be proof of some circumstances authorizing an inference that the parties intended to assume such relations toward each other, to support the action. (*Benjamin* v. *Benjamin*, 5 N. Y. 383, 388 ; authorities *supra.*)

No direct evidence was given by the plaintiff tending to prove such relations, but they were attempted to be shown by circumstances, which, it was claimed, would justify the inference that the occupation in question was enjoyed by the defendant under the expectation on his part, of paying rent therefor.

We are of the opinion that there is no proof in the case from which the court were authorized to draw such an inference.    The evidence was very brief and was substantially to the effect, that prior to June 7, 1883, the defendant took title to the premises in question, consisting of a large hat factory and machinery necessary to carry on the business of making hats contained therein, as the general assignee for the benefit of creditors of one Babcock, and on that day sold at public auction said premises to the plaintiff, and on June twenty-first thereafter conveyed them by deed to him. There was no proof

of any use of the premises or machinery by the defendant, for the purposes of manufacturing, or of any occupation by him, except such as might be implied from his omission to remove certain stock, belonging to him as assignee, and intended to be used in the business of making hats, which was on the premises at the time of the sale. There was no evidence as to the quantity of this stock, or of the extent of the room necessary to afford it storage, but it was proved to have remained on the premises for two months after the date of the deed.

In answer to the question whether there was " any conversation between you and defendant in reference to the use of the premises," the plaintiff testified, " nothing about time, we talked about it ; I took my deed from him, and he was in possession and remained so. This deed says nothing about his staying in possession." Subsequently, in answer to the questions, " Did you demand rent ; what conversation did you have ? " plaintiff replied : " I wrote him to send me a check ; he did not reply ; I drew upon him and he did not honor the draft ; and then when I saw him he told me that he thought the rent was excessive ; that he should pay for storage but not for the regular full rent of the factory." " He continued to occupy after that perhaps in the neighborhood of a month." The plaintiff also testified that the rental value of the property was $1,050 a month.

Upon this evidence the defendant requested the court to direct the jury to find a verdict for him, which was refused by the court, and the refusal was excepted to by the defendant. The court thereupon dismissed the jury, holding that there was no question of fact for them, and after considering the case, found that the defendant was liable for the rent claimed. The defendant duly excepted to the conclusions of fact as well as law made by the court, and thereby presents the question whether upon the undisputed evidence he was liable for the use and occupation of the premises.

We think the exceptions to these rulings and findings were well taken. The evidence shows affirmatively that the vendor did not remain in possession of the premises by virtue of

any express agreement to rent them, and none can be in-ferred from the fact that some of his property remained therein after the sale. The vendee under his deed was en-titled to the immediate possession of the property, and could recover such possession if it was denied him, by ejectment alone. In such action the vendor would be liable to respond in damages by way of mesne profits, for his unlawful conduct in refusing possession, but would not be liable in an action for use and occupation. It is said in Woodfall's Landlord and Tenant (10th ed., 714), that "a vendor who remains in posses-sion of part of the property after the execution of the convey-ance does not thereby become tenant to the purchaser nor liable to him in an action for use and occupation," citing *Tew* v. *Jones* (13 M. & W. 12), and this is uniformly the language of the text-writers. (See Taylor's Landl. & Ten. [5th ed.], § 636; Dart on Vend. & Purch. 816; *Boston* v. *Binney*, 11 Pick. 1; *Greenup* v. *Vernon*, 16 Ill. 26.)

It follows from this principle that the subsequent possession of the vendor, would continue to be of the same character as that which attended its inception, unless changed by some con-tract entered into during its continuance.

It is claimed that the conversation occurring between the plaintiff and defendant after the sale had this effect. We do not assent to the construction put upon the conduct and conversations of the parties by the court below. It is quite essential to implied, as well as express contracts, that there should be some act performed, or language used, by both parties, from which the conclusion can be fairly drawn, that their minds met, upon the conditions of the agreement. Most certainly if one party expressly declines to assent to the pro-posed terms, no inference can be indulged that he has assented.

The evidence shows a steady refusal on the part of the de-fendant to become obligated to pay rent for the premises in question. He expressed his willingness to pay something for storage, but denied his liability for the use and occupation of the premises as a factory. There was manifest justice in his position, for it does not appear that he had any such use of the

premises as ought justly to subject him to the payment of rent therefor. If the plaintiff was unwilling to allow the defendant's property to remain stored upon the premises, he should have demanded its removal, or insisted upon some definite agreement as to the rate of compensation to be paid. He cannot change the relation existing between himself as a purchaser of real property, and the vendor unlawfully remaining in possession at his option, and impose upon such vendor the character of a tenant, by stating to him that he should thereafter require him to pay rent. It requires the assent of both parties, manifested in some intelligible manner, to make such a contract, and it is not like the case of a tenant continuing in possession after the expiration of his term under an announcement by the landlord of a change in the lease. There the assent of the tenant is implied, from his voluntary continuance of the term after a change in the conditions are stated, and the further occupation by the tenant is rightfully presumed to be under the lease as thus modified by the landlord.

In this case there were never any contract relations between the parties except those stated in the deed, and no evidence showing authority in the plaintiff to impose terms upon his vendor, or of assent by him to hold as tenant under his vendee.

The judgment of the General and Special Terms should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.