### SADLIER *v.* RIGGS.

*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

ASSUMPSIT—EVIDENCE—IMPLIED PROMISE.

> Where a purchaser of machinery is informed that, unless it be removed from the vendor's premises before a day named, the latter will charge him with the rent of the premises, and he makes no reply, but permits the machinery to remain after the date mentioned, a promise on his part to pay the rent will be implied.

Appeal from city court, general term.

An action by Annie M. Sadlier against Karrick Riggs for use and occupation of premises. The jury found a verdict for plaintiff. The trial justice set the verdict aside, and granted a new trial. The order granting the new trial was affirmed by the general term of the city court. Defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Thomas C. Ennever*, for appellant. *Saunders, Webb & Worcester*, for respondent.

BISCHOFF, J. Plaintiff, being the owner of the premises Nos. 66 and 68 John street, Brooklyn, and of certain machinery therein, on or about February 26, 1887, sold the machinery to the defendant for the sum of $1,800, the purchase money being then and there paid in exchange for a bill of sale delivered to defendant. Immediately after the sale one Fogg, acting as plaintiff's agent, stated to defendant that the machinery sold would have to be removed by the succeeding 1st day of March, and that unless it be so removed plaintiff would charge defendant with the rent of the premises for such time after that date as the machinery may be permitted to remain. Defendant made no reply, and permitted the machinery to remain in the premises for upwards of 12 months from March 1, 1887. Thereupon plaintiff brought an action in the city court against defendant to recover the sum of $1,500, as the fair and reasonable rent of the premises. At the trial the learned justice substantially charged the jury that if they found that plaintiff's agent had, prior to March 1st, informed defendant that unless the machinery be removed on or before that day the plaintiff would charge defendant with the rent of the premises thereafter, and that defendant failed to reply thereto, and suffered the machinery to remain after March 1st, the law would imply a promise on the part of the defendant to pay such rent, upon which promise he should be held liable. The defendant duly excepted to such charge, and the trial resulted in a verdict in favor of plaintiff for $1,500 and interest. Thereafter defendant moved that the verdict be set aside and a new trial ordered, such motion being based upon the minutes and exceptions taken upon the trial. The motion was granted, and the verdict was accordingly set aside and a new trial ordered, the justice assigning as the ground for such order that his charge above referred to was error. The last-mentioned order was affirmed on appeal to the general term of the city court, and from the last-named determination plaintiff appeals to this court.

The trial justice erred in holding his charge to be erroneous upon the ground stated. The cases cited in his opinion are not decisive of the question here presented. The decisions in *Preston* v. *Hawley*, 101 N. Y. 590, 5 N. E. Rep. 770, and *Hazeltine* v. *Weld*, 73 N. Y. 156, were placed upon the ground that at the time of the plaintiff's proposition defendant had distinctly and in express terms refused to accede thereto. In *Preston* v. *Hawley*, Chief Justice RUGER says: "The evidence shows a steady refusal on the part of the de-

fendant to become obligated to pay rent for the premises in question. He expressed his willingness to pay something for storage, but denied his liability for the use and occupation of the premises as a factory." And in *Hazeltine* v. *Weld* Judge ANDREWS remarks that "the referee finds that Weld & Co., when the letter was delivered to them, claimed that they had the right to have the wood remain on storage in the premises until sold by them, at the rate expressed in the receipt of January 24, 1871, and did not assent to the increased rate demanded by the plaintiff, but declined and refused to pay such increased rate; * * * and the circumstances not only do not justify, but repel, the inference that Weld & Co. assented to pay storage at the rate named in the letter of June 24, 1872." Both of these cases were decided upon the theory that the law will never imply that a person promised to do that which in express language, and by clear and distinct declaration, he refused to do. In the case now under consideration, there is, however, not only a total failure of proof of express dissent on the part of the defendant, but there is also no proof of any circumstances from which defendant's dissent or refusal to accede to plaintiff's proposition could be inferred. If it be true that plaintiff's agent made the statement referred to within the hearing and to the knowledge of the defendant, that he did not reply thereto and permit the machinery to remain, (and these facts were submitted to the jury,) then the only reasonable and logical inference to be deduced therefrom is that the defendant acceded to plaintiff's proposition, and the law will imply a promise on his part to pay the rent. The proposition of plaintiff's agent to defendant was substantially: "You must remove the machinery by March 1st. Should you, however, desire to have the machinery remain after that date, you may do so; but, in that event, plaintiff will expect you to pay her the fair and reasonable rent of the premises for the time that the machinery so remains." It must be conceded that silence alone does not imply assent, but silence under conditions which fairly and in good conscience appealed to the defendant to speak, coupled with passive conduct when it is his duty to act, will have that effect. It is upon this theory that recovery is permitted upon an "account stated." *Lockwood* v. *Thorne*, 11 N. Y. 170; *Avery* v. *Leach*, 9 Hun, 106. Here defendant was informed that the machinery must be removed by the succeeding 1st day of March, and if he failed to remove it by that time plaintiff would expect him to pay the fair and reasonable rent thereafter. If the time allotted was not sufficient for the removal of the machinery, the defendant could have protested, and such protest would have negatived any implied promise to pay rent. That he did not so protest must be accepted as proof that he considered the time sufficient. It was his duty to remove the machinery purchased by him within a reasonable time, in the absence of proof that the time within which such removal was to be made had been fixed; and if the time was fixed, as was the case here, it was his duty to remove it within that time. If he knowingly failed to remove the machinery with full knowledge of the plaintiff's expectations of rent for the use and occupation of the premises after the time fixed for such removal, and without protest or explanation on his part, he must be deemed to have acceded to plaintiff's terms, and the law will imply a promise to pay such rent. There is no force in respondent's contention that the trial justice erred in assuming that the sale of the machinery was to the defendant. The sale was made February 26, 1887. This is not contested. The bill of sale is only evidence of the transaction, and was originally to the Geneva Manufacturing Company, while the purchase money was paid by defendant personally. Fogg, plaintiff's agent, says that the first bill of sale was objected to on defendant's behalf, and at the request of Webb, defendant's attorney, the bill of sale in evidence, bearing even date with the first, was executed and delivered in lieu thereof. This is admitted by defendant himself and by Webb. Defendant does not appear to have been the authorized agent of the Geneva Manufacturing Company in the purchase of the ma-

chinery. The facts exclusively show that he was not, and that he, personally, intended to be, and did in fact become, the purchaser thereof. The orders appealed from should be reversed, with costs.