## SADLIER *v.* RIGGS.

*(Common Pleas of New York City and County, General Term. April 7, 1890.)*

PRACTICE—LEAVE TO APPEAL.

 A motion for reargument or for leave to go to the court of apeals will be wholly denied where the questions determined rest wholly in the application of elementary principles of law to the facts of the case, and the moving party fails to point out any error in such determination.

Motion by respondent for reargument or leave to appeal to the court of appeals. For former report, see 8 N. Y. Supp. 473.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*T. C. Ennever,* for appellant. *Saunders, Webb & Worcester,* for respondent.

BISCHOFF, J. Respondent fails to show that some question decisive of the case has been overlooked, or that the decision is inconsistent with some statute or with a controlling decision, and no sufficient ground for reargument is, therefore, shown. See rule 16, general term of the court of common pleas. The point relied upon by respondent was fully discussed upon the argument of the appeal, and was determined adversely to him. See opinion herein, general term, February, 1890. 8 N. Y. Supp. 473. Respondent is further precluded from urging his exception to so much of the charge of the trial justice as assumed that respondent was the purchaser of the machinery in question, for the reason that he failed to request a submission of that question to the jury. If there is any evidence tending to prove the fact assumed by the trial justice in his instructions to the jury, an exception to such instructions, unaccompanied by a request that the question be submitted to the jury for their determination, is unavailing; and in the absence of such request the party will be deemed to have acquiesced in the instructions. *Mallory* v. *Railroad Co.,* 3 Abb. Dec. 139. Neither does this case present any such difficult or extraordinary questions of law as would warrant this court to add to the already seriously burdened calendar of the court of appeals. The questions determined and referred to in the opinion rendered on the appeal herein rest wholly in the application of elementary principles of law to the facts of the case, and respondent has not even attempted to point out any error in such determination. His only contention on this application is that the facts to which the legal principles are applied were not proven. *Weil* v. *Eckstein,* 6 N. Y. St. Rep. 298; *Taylor* v. *Arnoux,* 15 N. Y. St. Rep. 383; *Spoffard* v. *Rowan,* 14 Daly, 236. This motion should, therefore, be wholly denied, with costs.