## PRESTON *v.* HAWLEY.

*(Supreme Court, General Term, Third Department.   July 11, 1891.)*

LANDLORD AND TENANT—USE AND OCCUPATION.

In an action for the use and occupation of premises, it appeared that defendant sold a factory building to plaintiff, who agreed to permit defendant to leave on the premises certain goods which were there at the time of the sale, but neither the time nor compensation was specified. Both parties testified that defendant had said to plaintiff that he wanted permission "to leave the goods in the factory until they were disposed of." Defendant employed a watchman to watch the goods, but there was no other evidence that defendant was in possession of the premises. When plaintiff demanded rent for the entire premises, defendant said: "If I had known that you were going to charge so much, I would have moved to a cheaper place." *Held*, that the evidence was not sufficient to show that defendant was in possession of the premises, so as to charge him with value of the use and occupation thereof. MAYHAM, J., dissenting.

Appeal from circuit court, Ulster county.

Action by George C. Preston against Samuel R. Hawley for the use and occupation of certain premises. From a judgment entered on a verdict for plaintiff, and from an order denying motion for a new trial, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*George Wilcox,* for appellant. *Preston & Chipp,* (*Howard Chipp, Jr.,* of counsel,) for respondent.

LEARNED, P. J. The simple question is whether there was evidence to justify the jury in finding that defendant was a tenant of plaintiff. Plaintiff owned the property, and he agreed to permit defendant to leave upon the

property certain personal property, for no specified time and for no specified compensation. If, under the agreement, defendant was entitled to have, and did have, possession of the real estate, he was a tenant. If defendant was not entitled to have, and did not have, possession of the real estate, then he. was not a tenant. In that case he was only storing his goods in a building of which plaintiff was owner and in possession. The latter is defendant's position, as he claims he shows when he said to plaintiff: "If I had known you were going to charge so much, I would have moved the goods to a cheaper place." The plaintiff's testimony, as to the conversation had between the parties at the beginning of the arrangement, is: "He said he wanted permission to leave the goods in the factory until they were disposed of. * * * That was the substance of the conversation." The defendant states the conversation in the same manner. The goods did remain there for some time. The defendant states that after this conversation the goods were in charge of a watchman; that he employed a man to watch those goods in that factory. The learned justice, in charging the jury, said correctly that there could be no recovery in this action unless there was an agreement of letting by plaintiff to defendant; and there seems to be no disagreement on this principle of law, under the complaint in this action. We are unable to see that the evidence justifies a finding that there was such agreement. All that was said at any time is consistent with the idea of storing the defendant's goods in plaintiff's building. The plaintiff in same letter demands rent, but that demand is not acceded to, and therefore amounts to nothing. But there is nothing in any of the conversations proved which supports the claim that the defendant was in possession of the property. One single fact should be noted: The defendant says that he employed a watchman to watch the goods. But that is not sufficient to show that defendant was in possession of the premises. These goods were about in various parts of the building, and they were in various states of manufacture. It was quite natural that defendant desired to leave them in the building until some final disposition; and it may be quite proper that he should pay for this privilege of storing them in plaintiff's building; but the action is for rent and occupation, and plaintiff, to recover, must show that defendant had possession of the building. We think that there was not evidence justifying that finding. Judgment reversed, new trial granted, costs to abide event.

LANDON, J., concurs.

MAYHAM, J., (*dissenting.*)  On the 7th of June, 1888, the defendant, as assignee under a general assignment for the benefit of creditors, sold to the plaintiff, and conveyed to him by deed, the premises for the use and occupation of which this action was brought. At the time of such conveyance the defendant, as assignee, had in said mill a quantity of unfinished goods in process of manufacture. The jury were authorized from the evidence to find that at the time of the sale, and immediately after the same was completed, the defendant asked plaintiff if the goods could remain in the mill until they were disposed of in some way, or manufactured in this factory, and the plaintiff told him that he could, and that thereafter the defendant's goods remained in plaintiff's mill from that time until the 23d of August then next, in the care of the defendant, and his agent and employes. The further evidence relied upon by the plaintiff to prove that the conventional arrangement of landlord and tenant existed between the parties was the defendant's letter in answer to a letter written by plaint.ff demanding rent, in which it is claimed that he tacitly admitted the relation of landlord and tenant, by not denying that he held as tenant, but objected only to the amount of rent claimed by the plaintiff. The evidence discloses that, in a conversation between the plaintiff and defendant, the latter admitted his indebtedness for the use of these

premises in these words: "I am free to admit right here that I expected to pay you something, but that the amount you charge is too much. If I had known you would ask so much, I would have moved the goods to a cheaper place." The evidence we have referred to, or quoted above, constitutes the substance of all of this evidence in the case relied upon by the plaintiff to establish the relation of landlord and tenant. The evidence is in some respects contradicted by the defendant, but the dispute as to which was correct was a question of fact, and in determining whether, as a matter of law, there was proof to establish the conventional relation of landlord and tenant, we may take the evidence offered by the plaintiff, and see whether that, by a fair construction, can be held to establish the relation of landlord and tenant. It is well settled that the continuing of the grantor in the possession of the premises sold after conveyance does not alone, without some arrangement or agreement between the grantor and the purchaser, create the relation of landlord and tenant. *Preston* v. *Hawley*, 101 N. Y. 586, 5 N. E. Rep. 770; *Thompson* v. *Bower*, 60 Barb. 477. But it is not necessary to show that this relation was created by written lease or express agreement; there must be proof of circumstances authorizing the inference that the parties intended to assume that relation towards each other. Is the proof of circumstances here sufficient to meet the requirement of this rule? If the evidence, as it now appears, was before the court of appeals when this case was considered in that court, (101 N. Y. 586, 5 N. E. Rep. 770,) we should have no hesitancy in following the somewhat vigorous and emphatical language of that court in disposing of that question. But we have not the record of this case, as it was then presented; and we are assured by the appellant's counsel in his brief that the evidence of the interview between the plaintiff and defendant at the time of the sale, as proved in this case, was not before the court on the former appeal; and, on a careful perusal of the opinion of the court of appeals, we find no reference to that interview in that opinion, as the same is now in proof. We are therefore called upon to examine that interview in connection with the other facts proved, to see whether the case is, in its legal aspects, changed on this trial from what was before the court on the former trial and appeals.

The interview at the sale is narrated by the witness as follows: "He [defendant] said he wanted permission to leave the goods in the factory until they were disposed of. He said he sold the factory for the purpose of a new concern starting in. He wanted the goods to stay there until the new concern took it or disposed in some way, or manufactured the goods up in this factory. That was the substance of the conversation; there was nothing said about compensation. *Question.* That was left open? *Answer.* It was. He wanted the goods to stay there until some disposition was made of them. There was quite a large quantity of goods there in all stages. The goods consisted of materials for the manufacture of hats in various processes of construction, distributed around various parts of the building. *Q.* In all parts of the building? *A.* Yes, sir; I was down there after the sale once or twice; the goods were there." We have quoted this evidence at length to show in what respects the plaintiff claims the evidence is changed. In this evidence there is a request to allow the vendor to retain the occupancy of this building, in so far as it was necessary, until the goods which were in all parts of the building were disposed of. This was assented to by the plaintiff, and the defendant in this way occupied the premises until the succeeding August, about 2½ months. During that time the goods confessedly remained in the possession of the defendant, who kept them insured in his own name, and the plaintiff assumed no duty or obligation in reference to them, nor does it appear in the case that the plaintiff had any actual possession of the mill. It was occupied by defendant, or, at least, his goods, by his request, and for which occupancy he, as appears by his own statement, expected to pay. Under these circumstances, we are of the opinion that the learned judge was

right in submitting it to the jury to determine whether the minds of the parties met upon this question of leasing these premises, so that the plaintiff at the time understood that he was letting these premises to the defendant, and upon the part of the defendant he understood that he was hiring them from the plaintiff, and was to pay for them; and, if they reach that conclusion from the evidence, then the relation of landlord and tenant was established, and their verdict upon that branch of the case should be for the plaintiff. "The relation of landlord and tenant exists whenever a person in possession of lands or tenements occupies them in subordination to the title of another, and with his assent, expressed or implied." McAdam, Landl. & T. § 30. "Whenever there is ownership of land on the one hand, and an occupation of it by permission on the other, it will be presumed that the occupant intends to compensate the owner for the use of the premises." Bouv. Dict. tit. "Landlord and Tenant." With the verdict of the jury finding the facts with the plaintiff, we see no element wanting in this case to establish the relation of landlord and tenant.

The defendant makes a point that the question put plaintiff as to the real value of these premises was erroneous, as it embraced the rental value for storage purposes; but, as the rental value was in issue under the pleadings, its rental value for any purpose for which it was adopted would seem to be proper. Nor do we see that it was error to prove by plaintiff that he did not occupy this property during the occupancy of the same by defendant's goods; that evidence bore, in a greater or less degree, upon the understanding of the parties as to the character of the letting.

The defendant also insists that it was error to refuse to strike out the evidence of the admission of the defendant that he owed plaintiff something. This was a statement of a fact as to an existing indebtedness, and it does not appear, either from the evidence or the objection or motion to strike out, that the statement was privileged, on the ground that it was an offer to compromise. A statement of fact which tends to establish a cause of action or defense is not rendered inadmissible because it was made in a discussion relating to compromise. *White* v. *Steam-Ship Co.*, 102 N. Y. 660, 6 N. E. Rep. 289; *Brice* v. *Bauer*, 108 N. Y. 428, 15 N. E. Rep. 695. Within the rule as settled in this state, we do not see that the admission and the retention of this evidence was error. There was no error committed by the learned judge in his charge, or in the refusal to dismiss the complaint, or to set aside the verdict, for which a new trial should be granted. Judgment affirmed, with costs.