## ALT v. GRAY.

(Supreme Court, Appellate Term.   March 20, 1899.)

1. LANDLORD AND TENANT—EVIDENCE OF RELATION.

The mere fact that one is in possession of premises is insufficient to imply the relation of landlord and tenant between him and another claiming as lessee of a third person, where the former refuses to pay rent demanded by the second person.

2. SAME—USE AND OCCUPATION.

In the absence of a contractual relation, no recovery can be had for use and occupation.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by William Alt against Patrick K. Gray.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Hawke & Flannery, for appellant.

T. W. McKnight, for respondent.

PER CURIAM.   Assuming that the collector of city revenue of the city of New York was authorized to, and did, rent the premises, on behalf of the municipality, to the plaintiff,—which is a question which we do not determine here,—there is no evidence establishing the relation of landlord and tenant between plaintiff and defendant. It appears that the defendant was in possession, that plaintiff demanded rent from defendant, and that none was paid.   This is not sufficient to establish a contractual relation between the parties, and there can be no recovery for use and occupation until such relation can be said to exist.   The defendant never acknowledged the plaintiff as landlord, and never promised to pay rent.   The mere occupancy, and nothing more, as here proven, is not sufficient to imply tenancy. 12 Am. & Eng. Enc. Law, p. 661.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.