GREGG v. TAMSEN.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

USE AND OCCUPATION—OCCUPANCY BY SHERIFF—QUESTION FOR JURY.

A sheriff levied on a tenant's property, and took possession of the premises, after which the owner procured a warrant dispossessing both the tenant and the sheriff for nonpayment of the rent. The sheriff refused to vacate, and, when told by the landlord's attorney that he would be held liable for the use of the premises, replied that the landlord would get his pay, that he was not going to get out, and remained in possession, though the landlord notified him that if he did so he would be held liable for use and occupation. *Held* error to dismiss an action against the sheriff for such use and occupation, the question whether he remained in possession with the understanding that he was to pay rent being for the jury.

Appeal from trial term, New York county.

Action by Robert G. Gregg against Edward J. H. Tamsen. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George W. Wager, for appellant.

Rudolph F. Rabe, for respondent.

RUMSEY, J.　The action is brought to recover rent for certain premises owned by the plaintiff while they were in the occupation of the defendant.　The facts are not disputed.　In the year 1896 the plaintiff was the owner of premises Nos. 1 and 3 East Thirteenth street, and had leased the fifth floor and a part of the fourth floor of those premises to the Wood & Parker Company, who held them as his tenant.　In October, 1896, the defendant, then sheriff, made a levy upon property of the Wood & Parker Company, being on those two floors, and went into possession of that portion of the building occupied by it, and remained there until the 27th of January, 1897.　At the time the sheriff made the levy and took possession of the property, rent was due to the plaintiff, and on the 2d of November, 1896, he commenced a proceeding to dispossess the tenant and the sheriff, who was in possession.　Such proceedings were taken in that matter that on the 5th of November, 1896, the plaintiff recovered, and a warrant was on that day issued to dispossess the persons in possession of the premises, including the sheriff.　The marshal to whom the warrant was delivered went to the premises for the purpose of executing it, and found in possession of it a representative of the sheriff, who said to him that he could not vacate or give possession without an order from the sheriff.　Thereupon the attorney for the plaintiff, who was present, went to the sheriff, and said to him that the plaintiff wanted possession under that judgment; that the sheriff had been made a party to the proceeding, and the plaintiff wanted him to get out.　The sheriff replied, "I can't get out; that is all there is about it;" to which the attorney for the plaintiff said, "Then I will hold you liable for the use of it as long as you stay there."　The answer to that was by the sheriff: "Now, don't get in a stew.　You will get your pay.　I am not going to get out."　Thereupon the plaintiff caused to be served upon the sheriff a notice to the effect that a final order had been made adjudging possession of the premises to the plaintiff; that a warrant had been issued to the marshal, by which he was directed to remove all persons in occupation from the premises; and that the plaintiff would hold him liable for the use and occupation of them at a rental of $2,600 a year from the 25th of November, unless the deputy vacated the premises immediately.　These facts were not disputed. After they had been proved, the learned justice at trial term held that there was no evidence from which the jury could infer that the relation of landlord and tenant existed, and for that reason the plaintiff was not entitled to recover, and dismissed the complaint.

There can be no doubt that in an action for use and occupation, such as this was, the plaintiff is not entitled to recover unless he shows that the conventional relation of landlord and tenant exists.　Preston v. Hawley, 101 N. Y. 586, 5 N. E. 770; Whitman v. Bowe, 56 Hun, 141, 9 N. Y. Supp. 65.　But it is not necessary that an express agreement to that effect should be made to appear.　It is sufficient if, upon all the testimony presented, the jury would be authorized to find that it was understood between the parties that the possession of the

premises was retained by the defendant, with the consent of the owner, upon an understanding that rent should be paid. If, from all the facts, the jury might fairly infer that such was the understanding between the parties, they would be entitled to hold that the relation of landlord and tenant was established, and the defendant would be liable for rent. Preston v. Hawley, 139 N. Y. 296, 34 N. E. 906. Upon the facts shown here it is very clear that the jury might have found that the sheriff remained in possession, with the consent of the plaintiff, upon the understanding that he was to pay rent for the premises at the rate fixed in the notice which he received. For this reason, the conclusion of the learned justice at the trial term was erroneous, and the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the result. All concur.