(29 Misc. Rep. 347.)

## ISAACS v. MINKOFSKY.

(Supreme Court, Appellate Term.   October 25, 1899.)

1. LANDLORD AND TENANT—USE OF PART OF PREMISES AFTER SURRENDER.

Plaintiff and defendant entered into an oral agreement for a lease of premises belonging to plaintiff, consisting of a store, living apartments, and a yard containing a shed, and, pending the execution of a formal lease, defendant took possession, and paid the rent for the first month. He occupied the store and shed, and rented the living apartments, but, a disagreement having arisen as to the terms of the lease, he surrendered possession of the premises, except the shed, of which he retained possession for 11 months. He also collected rents from the living apartments after he had relinquished possession. *Held*, plaintiff was entitled to recover the rents collected and for the use and occupation of the shed.

2. SAME—USE AND OCCUPATION.

To maintain an action for use and occupation of premises, plaintiff must prove his title to such premises, occupancy by defendant, and the existence of the conventional relation of landlord and tenant.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Barney Isaacs against Sarah Minkofsky to recover for the use and occupation of certain premises. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Abraham H. Sarasohn, for appellant.
Arthur Rothschild, for respondent.

LEVENTRITT, J.   The facts in this case, which, in view of the justice's finding in favor of the plaintiff, we must regard as established, are briefly these:   In June, 1898, the plaintiff and the defendant entered into an oral agreement for a lease of certain premises for a term of years, at a stipulated monthly rental of $77.50. Pending the execution of the formal indenture of demise, the defendant deposited the sum of $150 as security, entered upon the possession of the premises, and paid the agreed rent for the first month of the proposed term.   The premises consisted of a store, a series of living apartments on the several floors above it, and a yard containing an outhouse or shed of substantial dimensions. The defendant occupied the store, collected the rents from the various tenants of the living apartments, and placed in the shed a large quantity of material required in the prosecution of her business.   A disagreement having subsequently arisen between the parties as to the terms and conditions of the lease, the defendant refused to pay the second month's rent, and surrendered the possession of the premises, with the exception of the shed.   This she locked, retaining the key, and continued to use it as a storehouse for material for a period of 11 months, when she finally removed her stock.   The plaintiff in the interim, and immediately upon surrender by the defendant of the rest of the premises, had proceeded to collect the rents from the tenants, and had relet the store vacated by the defendant.   In April, 1899, one month prior to the

removal by the defendant of her stock of goods from the shed, she recovered in a suit instituted for that purpose the amount deposited as security. Thereupon this action was begun to recover —First, for the use and occupation of the shed during a period of 11 months; and, secondly, for the amount of certain rents collected by the defendant for the month succeeding her relinquishment of the premises. The plaintiff recovered on both counts, and from the judgment in his favor the defendant has appealed.

We are of the opinion that this judgment must be affirmed. To maintain the action for use and occupation, the plaintiff must prove his title to the premises, occupancy by the defendant, and the existence of the conventional relation of landlord and tenant. Preston v. Hawley, 101 N. Y. 588, 5 N. E. 770. No question is raised as to the title, and the defendant concededly occupied the entire premises during the month of July, and the outhouse or shed for 11 months thereafter. The occurrence of these two elements, however, in the absence of proof of the existence of the conventional relation of landlord and tenant, would be insufficient to charge the defendant. Alt v. Gray, 26 Misc. Rep. 843, 56 N. Y. Supp. 657. The existence of that relation during the month of July is not questioned by the defendant. The payment of rent established it. The subsequent surrender or abandonment of part of the premises did not destroy the conventional relation, already created, from continuing as to the remainder. It was optional with the landlord to permit the tenant to yield possession of the main premises, and retain that of the shed. As to the latter, he could have elected to regard the defendant as a trespasser, or else to have held her liable for the use. The defendant cannot complain. She kept exclusive possession and control of the shed, and locked it against the plaintiff and all others. She saw fit to enter upon and occupy the premises in anticipation of the execution of a formal lease, and the relation thereby created was not destroyed by its nonexecution. Little v. Martin, 3 Wend. 220.

The second ground of appeal may be dismissed with few words. The husband of the defendant admitted on the stand that, as her agent, he collected $20 belonging to the plaintiff. Under the circumstances, her liability is incontestable. The judgment will be affirmed.

Judgment affirmed, with costs to respondent. All concur.