## ERNST v. ZELTNER BREWING CO.

### (Supreme Court, Appellate Term. June 25, 1909.)

1. **MORTGAGES (§ 588\*)—FORECLOSURE—DECREE—EFFECT—CANCELLATION OF LEASE.**

   A tenant of mortgaged premises on which a saloon was conducted was made a party to mortgage foreclosure proceedings, the lease being subsequent to the mortgage, and a decree was entered that the defendants and all persons claiming under them, after the filing of the notice of pendency of the action, be forever barred of all rights in said mortgage premises. The premises were sold, and the purchaser received a deed therefor and sued the tenant for rent. The bar fixtures were left in the saloon and the tenant retained the keys at the request of the purchaser, but declined to make a new lease to the purchaser. *Held,* that the lease under which the tenant held was canceled by the foreclosure decree.

   [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 588.\*]

2. **LANDLORD AND TENANT (§ 193\*)—CANCELLATION OF LEASE—LIABILITY FOR RENT.**

   *Held,* also, in the absence of an attornment to the purchaser, that the tenant was not liable for rent under the cancellation of the lease.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 193.\*]

3. **LANDLORD AND TENANT (§ 14\*)—IMPLIED TENANCY.**

   The leaving of the bar fixtures and the retaining of the keys of the premises at the request of plaintiff did not create an implied tenancy, as mere use and occupation by a tenant is not sufficient to establish the conventional relation of landlord and tenant.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 40; Dec. Dig. § 14.\*]

4. **LANDLORD AND TENANT (§ 196\*)—HOLDING OVER—LIABILITY FOR RENT.**

   Nor was the tenant liable for rent after the cancellation of the lease as a hold-over, since his possession was not that of a trespasser, but at the request of plaintiff.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 196.\*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Sigmund Ernst against the Zeltner Brewing Company for rent. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Sydney A. Syme, for appellant.

Parker & Ernst, for respondent.

SEABURY, J. The plaintiff brings this action to recover $60 rent for a store used as a saloon in the premises No. 1506 Brook avenue, for the month of February, 1908. On September 26, 1906, one Lutz made a written lease of the premises in question to the defendant. Prior to the making of this lease, Moritz L. and Karl Ernst, who were then the owners of the premises in which the store was leased, had mortgaged said premises to one Goldstein to secure the sum of $20,-000. During the year 1907 an action was commenced for the foreclosure of this mortgage. In that action the defendant and a subten-

ant of the defendant named Reichgott were made parties defendant. This action resulted in a judgment in favor of the plaintiff, and the judgment rendered provided, among other things, that:

"It is further adjudged that the defendants, and all persons claiming under them, or any one or either of them, after the filing of said notice of pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgage premises and in every part thereof."

The premises were duly sold by the referee appointed in that action on January 3, 1908, and on January 30, 1908, he executed and delivered a deed for the premises to the plaintiff in this action, who was the purchaser at the foreclosure sale. During February, 1908, the agent of the plaintiff called upon the manager and the president of the defendant company and inquired if the defendant desired to effect a new lease of the premises, as the former lease had been canceled by virtue of the judgment of foreclosure. The representative of the defendant declined to execute a new lease. Subsequently the plaintiff's agent commenced negotiations directly with Reichgott, who had been a subtenant of the premises under the defendant, in the endeavor to persuade him to lease the premises. During all of this time the bar fixtures, which were the property of the defendant, remained upon the premises. It was claimed by the defendant that the plaintiff requested that these fixtures might be permitted to remain in the store to aid his endeavor to secure a tenant of the premises. The keys of the store were left with the defendant; but it was testified that this was done at the request of the plaintiff, so that, if the defendant desired to show the store to a prospective tenant, it might do so.

The theory of the plaintiff's cause of action is that the conventional relation of landlord and tenant existed between the parties to this action. This theory seems to me to be inconsistent with the facts. The defendant and its subtenant were parties defendant to the foreclosure suit, and the judgment therein entered specifically adjudged that they were forever barred of all right, title, and interest in the premises, and further provided:

"That the purchaser at such sale be let into possession of the premises on production of the referee's deed."

The defendant's lease, being subsequent to the mortgage, under the foreclosure of which the plaintiff purchased the property at the foreclosure sale, was canceled by the judgment in foreclosure and the referee's deed to the plaintiff. In the absence of an attornment by the defendant to the plaintiff, the defendant could not be required to pay rent under the lease. Not only is there no evidence of an attornment by the defendant to the plaintiff, but the evidence positively negatives the existence of such a relation. Mere occupancy by the tenant is not sufficient to establish the conventional relation of landlord and tenant. Alt v. Gray, 26 Misc. Rep. 843, 56 N. Y. Supp. 657; Preston v. Hawley, 101 N. Y. 588, 5 N. E. 770. In the present case the use and occupancy of the premises consisted merely of leaving fixtures upon the premises and retaining the keys at the request of the plaintiff. The fixtures were left upon the premises and the keys retained because in the opinion of the plaintiff his efforts to rent the store would be

facilitated thereby. The defendant's use and occupation of the premises under these circumstances was such as to show that there was no expectation by either party that rent should be paid. Collyer v. Collyer, 113 N. Y. 442, 448, 21 N. E. 114. It follows, therefore, that no tenancy by implication arose.

The respondent, in the effort to avoid this conclusion, argues that the defendant may be held liable as a hold-over. To sustain this contention he quotes the statement of Chief Justice Cullen in United Merchants' Realty & Improvement Company v. Roth, 193 N. Y. 570, 576, 86 N. E. 544, 545, that:

"The right of the landlord to treat the hold-over as a tenant for a new term does not spring from the contract of the parties, but is the penalty imposed by law upon the trespassing tenant."

The effort to hold the defendant as a tenant upon the theory stated is without support from the evidence, from which it clearly appears that the possession of the defendant was not that of a trespasser, but clearly at the request of the plaintiff. The finding of the learned trial justice that the conventional relation of landlord and tenant existed between the parties was contrary to the evidence and the law.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.