[Civ. No. 1437.   Second Appellate District.—January 9, 1914.]

## PACIFIC STATES CORPORATION (a Corporation), Appellant, v. RALPH ARNOLD, Respondent.

Landlord and Tenant—Action for Use and Occupation—Necessity of Existence of Contractual Relation.—In an action for use and occupation of real property, the plaintiff is not entitled to recover unless he shows that the conventional relation of landlord and tenant exists.

Id.—Relation of Landlord and Tenant—Whether Implied from Findings.—The existence of the relation of landlord and tenant is not to be implied from a finding in such action "that no written or verbal lease was executed by plaintiff to defendant of said premises, but that notice was given by plaintiff to defendant that defendant would be liable for the rental of said premises if he continued to use and occupy the same after May 1, 1911."

Id.—Notice of Liability for Rent—Whether Shows Relation of Landlord and Tenant.—The fact that the plaintiff gave notice that the defendant would be liable for rent, in the absence of any

showing of assent on the part of the defendant, is insufficient to show the existence of any contractual relations between the parties, without which the plaintiff could not prevail in an action to recover rent.

ID.—APPEAL—INTENDMENTS IN SUPPORT OF JUDGMENT AND FINDINGS.— Not only are all intendments on appeal in favor of the regularity of the action of the trial court, but the findings of fact made by the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Lloyd, Hunt, Cheney & Geibel, for Appellant.

Garfield R. Jones, and Jones & Bennett, for Respondent.

SHAW, J.—Action to recover rent at the rate of one hundred and seventy-five dollars per month for six months' use and occupation of real property. Judgment for defendant. Plaintiff appeals upon the judgment-roll claiming the judgment is not supported by the findings.

The court in substance found that on March 20, 1911, defendant, who was then the owner of the property, offered to sell it to one Merritt in consideration of twenty-five thousand dollars, and the right to use and occupy it until January 1, 1912, which offer Merritt declined; that thereafter defendant sold and conveyed the same in fee to Merritt for the consideration of twenty-five thousand dollars, but no agreement was made between Merritt and defendant whereby the latter was given the right to use and occupy the premises for any period whatsoever; that about May 1, 1911, plaintiff acquired title to the property, at which time defendant was in the open, notorious, and exclusive possession thereof under a claim of right to occupy the same until January first, as stated in his offer of sale to Merritt and so found by the court, but plaintiff had no notice of such claim; that the value of the use and occupation so had by defendant was seven hundred dollars, no part of which had been paid; "that no written or verbal lease was executed by plaintiff to defendant

23 Cal. App.—43

of said premises, but that notice was given by plaintiff to defendant that defendant would be liable for the rental of said premises if he continued to use and occupy the same after May 1, 1911.''

In the case of *Gregg* v. *Tamsen*, 42 App. Div. 138, [58 N. Y. Supp. 1026], the court says: "There can be no doubt that in an action for use and occupation, such as this was, the plaintiff is not entitled to recover unless he shows that the conventional relation of landlord and tenant exists"; in support of which the court cited several cases. The law seems to be well settled that in the absence of a contractual relation the action will not lie. (*Alt* v. *Gray*, 26 Misc. Rep. 843, [56 N. Y. Supp. 657]; *Stevens* v. *Hulin*, 53 Mich. 98, [18 N. W. 569].) Appellant concedes this to be the law, but insists that the notice given by plaintiff to defendant that the latter would be liable for rent if he continued to use and occupy the premises after May 1, 1911, should be construed as a finding that such relation did exist. Not only are all intendments in favor of the regularity of the action of the trial court, but "it is a well-settled rule that the findings of fact made by the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon." (*Paine* v. *San Bernardino etc. Co.*, 143 Cal. 656, [77 Pac. 659].) The complaint alleged that on May 1, 1911, "plaintiff leased to defendant and defendant hired of plaintiff" the premises described therein, which allegation was denied. Upon this issue the court found that no lease was made. This was in response to the allegation and the ultimate fact involved. The remainder of the finding purports to be and is a part only of the evidence adduced at the trial in support of the allegation that a lease was made. Conceding, but not deciding, that the relation of landlord and tenant might be implied from the giving of the notice and continued occupation of the premises by defendant, if standing alone and considered in the absence of other evidence, such fact cannot aid appellant. For aught disclosed by the record, since the finding is not as to the ultimate fact, other evidence may have been introduced as to many circumstances which might explain or destroy the implied effect of the finding. The evidence (not brought up in the record) might have disclosed that plaintiff had not, at the time of giving the notice, acquired title to the property, and

hence had no authority to act in the matter; or, if it had acquired title, that notice of such fact was not given defendant. Since it was the duty of the court to give judgment for plaintiff, if the relation of landlord and tenant existed, it must follow from the judgment rendered that the court construed its ambiguous findings contrary to appellant's contention.

The fact that plaintiff gave notice that defendant would be liable for rent, in the absence of any showing of assent on the part of defendant, is insufficient to show the existence of any contractual relations between the parties, without which plaintiff could not recover in an action of this character. In addition to the cases cited, see: *Jackson* v. *Phillips*, 13 John. (N. Y.) 106; *Preston* v. *Hawley*, 101 N. Y. 586, [5 N. E. 770]; *Hill* v. *Coal Valley M. Co.*, 103 Ill App. 41; *Fender* v. *Rogers*, 97 Ill. App. 280; *Biglow* v. *Biglow*, 75 App. Div. 98, [77 N. Y. Supp. 716]; 18 Ency of Law, p. 169.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.