[Civ. No. 2907.    First Appellate District, Division Two.—October 20, 1919.]

W. J. SIMPSON, Respondent, v. GEORGE H. MALTER, Appellant.

[1] APPEAL—REVIEW OF CONFLICTING EVIDENCE.—The appellate court may not review conflicting evidence on which a given finding is based.

[2] FINDINGS—AGREEMENT TO ACCEPT AND PAY FOR WINE—WHAT IMPLIED.—A finding that the purchaser, which was a company, agreed to accept certain wine and to make payment therefor at a given price per gallon implies a valid and binding agreement by the company to so purchase the wine, made by an agent authorized to act for the company.

[3] ID.—APPEAL—FACTS INFERRED TO SUPPORT JUDGMENT.—Whenever from the facts found by the trial court other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court, and upon an appeal from that judgment an appellate court will not draw from those facts any inference of fact contrary to that which may have been drawn by the trial court for the purpose of rendering its judgment.

[4] CORPORATION LAW—LIMITATION OF POWERS OF MANAGER—EFFECT OF PUTTING UNDER DIRECTION OF PRESIDENT.—A general limitation in the resolution passed by the directors of a company that the powers of the manager should be exercised "under the direction of the president" is not to be construed to mean that the sanction of the president to every detail of every transaction is a condition precedent to the authority of the manager to contract.

[5] APPEAL—PRESUMPTION.—The appellate court will indulge in every presumption with regard to the evidence which will support the findings of the trial court upon which the judgment is based.

APPEAL from a judgment of the Superior Court of Fresno County.  D. A. Cashin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Short & Sutherland for Appellant.

Lewis H. Smith and Iener W. Nielsen for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action to recover for services in securing a purchaser for certain wines owned by the defendant under an alleged contract with the defendant whereby he was to receive as his remuneration for such services any amount in excess of thirty cents per gallon for which he should sell said wine. With relation to the contract between the plaintiff and the defendant, and its fulfillment, the court found: That the parties had entered into a contract the terms of which were as alleged by the plaintiff, and that thereafter, while said contract was in full force and effect, the plaintiff obtained a purchaser who was ready, able, and willing to purchase sixty thousand gallons of wine at a price of thirty-five cents per gallon and upon the terms contained in the contract between the plaintiff and defendant, and said plaintiff immediately notified said defendant thereof and of the name of said purchaser and brought said defendant and said purchaser together at the city of Fresno, and that the defendant thereupon agreed to make said sale and deliver said wine on said terms to said purchaser; that said purchaser agreed to accept said wine and to pay for the same in cash, but that said defendant, thereafter, and without any cause or reason, and without any fault on the part of the plaintiff, or upon the part of the purchaser, declined to consummate the sale and declined to make delivery.

[1] In accordance with the rule recognized by the appellant, we may not review the conflicting evidence on the question of the making of the contract, its terms, etc.; nor the finding that the defendant agreed with the purchaser for the sale of his wine in accordance with the terms of this contract made by said defendant with the plaintiff. For the same reason we may not review the evidence upon which is based the further finding of the court that the time which elapsed between the making of the agreement and the performance of the same by the plaintiff was not an unreason-

able time. The last finding is based upon logical deductions from numerous matters which appear in evidence, such as the conduct of the parties during the interval, the apparent understanding of the parties as evidenced by the negotiations when the purchaser was produced, etc. After a reading of the evidence, we think this finding also may not be disturbed by us.

This leaves for our consideration the further objection made by the appellant that the plaintiff is not entitled to recover because Mr. Baker, purporting to act for the Jesse Moore Hunt Company, the purchaser, was without authority to consummate the sale in accordance with the terms of the contract between the plaintiff and the defendant, and that the defendant could not have enforced said agreement against the said Jesse Moore Hunt Company, for whom Baker was acting if he had so desired, and, therefore, he was not liable to the plaintiff for commissions. This contention arises under the following facts in evidence: It is conceded that Mr. Baker was the general manager of the Jesse Moore Hunt Company. He testified that he had bought and sold large quantities of wine for said company while acting as its manager. Appellant relies upon an alleged limitation upon the said manager's general authority to contract, by reason of the adoption of a resolution by the board of directors of said company, which resolution was in effect at the time of the transactions out of which this action grew. This resolution appointed Mr. Baker "manager of the company, to have charge of the handling of the business under the direction of the president." Mr. Baker testified that the plaintiff Simpson was present at a conversation between Baker and the president of said company, at which time it was stated that Mr. Simpson had offered to sell to said company sixty thousand gallons of wine at thirty-five cents per gallon, less four per cent for cash, and that the president of said company had told Baker that it was all right and he might go ahead and make the purchase and might go to Fresno to complete the transaction. Baker testified that he went to Fresno and was met by the plaintiff, who told him at that time that he was uncertain about the allowance of four per cent discount for cash; that Baker thereafter discussed the matter with the defendant, telling said defendant that the wine had been

sold to him by Simpson at thirty-five cents per gallon, less four per cent, but that Malter, the defendant, refused to allow the discount. Baker then stated to Malter that, nevertheless, he would take the wine at thirty-five cents per gallon and would pay cash for it if desired. Appellant argues that by virtue of the resolution of the board of directors above referred to, the president of the company had the authority to direct the business activities of the manager in all particulars; that the president's consent to the purchase was based upon his understanding of the contract as one to purchase at thirty-five cents per gallon, less four per cent; that his consent was given on such terms alone, and that Baker had no broader authority. Appellant argues that if the Jesse Moore Hunt Company had elected to repudiate the contract sought to be made by Baker, the defendant would have been unable to enforce the same, because Baker's authority was limited and was not sufficient to make the contract attempted to be made. And it is pointed out that such limitation upon Baker's authority was known to Simpson who was present during the conversation with the president, and Simpson acted as the agent of Malter and his knowledge was the knowledge of his principal.

If the manager's authority was so limited that it was necessary for him to have express authority from the president in each instance before making a purchase of wine, the question of how little or how much he might vary from his instructions without releasing his company would become pertinent. But we think no such question confronts us here, because there is an implied finding of the trial court that there was no such limitation upon the authority of the agent as the appellant maintains. [2] The court has found that the said purchaser agreed to and with said defendant to accept the wine and make payment therefor to the defendant at thirty-five cents per gallon in cash. The purchaser who agreed to this was the company. It is not contended that Baker acted or purported to act in his individual capacity. To find that the purchaser agreed to accept the wine and to make payment therefor implies a valid and binding agreement. If it was a binding and valid agreement by the company to so purchase the wine,

it could only be such by reason of the fact that the agent was authorized to contract for the company as he did contract. **[3]** Whenever from the facts found by the trial court other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court, and upon an appeal from that judgment an appellate court will not draw from those facts any inference of fact contrary to that which may have been drawn by the trial court for the purpose of rendering its judgment. (*Breeze* v. *Brooks,* 97 Cal. 77, [22 L. R. A. 257, 31 Pac. 742].) Such inferential finding of the trial court that the agent's authority was sufficient to enter into a valid and binding contract on behalf of the company, we believe, is warranted by the evidence. As stated, the manager testified that he had previously bought and sold large quantities of wine for his company; such power would be within the usual powers of a manager of a company engaged in the business of the Jesse Moore Hunt Company. **[4]** The general limitation in the resolution of the directors that the powers of the manager should be exercised "under the direction of the president" is not to be construed to mean that the sanction of the president to every detail of every transaction is a condition precedent to the authority of the manager to contract. (*Stevens* v. *Selma Fruit Co., Inc.,* 18 Cal. App. 242, 252, [123 Pac. 212]; *Medbury* v. *New York & Erie R. R. Co.,* 26 Barb. (N. Y.) 564, 567; *Cotton States Life Ins. Co.* v. *Mallard,* 57 Ga. 65.) Furthermore, it appears from the evidence that the president did authorize Mr. Baker to make this particular purchase, and there is nothing in the record to show that he restricted the price at which the purchase was to be made. The price appears from the evidence to have been a reasonable price and, indeed, an advantageous one to the company.

**[5]** Upon appeal, we cannot but indulge in every presumption with regard to the evidence which will support the findings of the trial court upon which the judgment is based. (*Breeze* v. *Brooks,* 97 Cal. 72, [22 L. R. A. 257, 31 Pac. 742]; *Pacific States Corp.* v. *Arnold,* 23 Cal. App. 672, [139 Pac. 239].) In the present case that course leads us to affirm the judgment.

Nourse, J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 18, 1919.

All the Justices concurred, except Melvin, J., who was absent.