[Civ. No. 5877. Second Appellate District, Division Two.—February 21, 1930.]

H. Z. KIMES, Respondent, v. JESSE A. RASOR, Appellant.

Samuel D. Weil for Appellant.

Samuel A. Miller, Paul J. Ziegler and Abram M. Marks, for Respondent.

CRAIG, J.—The respondent instituted an action in the Superior Court for recovery of an indebtedness alleged to have been assigned to him by the Lee Tire & Rubber Co., a foreign corporation. Of the technical defenses interposed at the trial, appellant at this time only questions the sufficiency of the assignment.

The corporate name appearing upon stationery of the company was Lee Tire & Rubber Company of New York, Inc., and the signature upon the purported transfer of the account was written: "Lee Tire & Rubber Co., By George Belles, Gen. Mgr. L. A. Branch." It is contended that there was a fatal variance as to identity of the corporation, and that an assignment of a nonresident corporation by one not its California general manager, is insufficient to vest title to a demand in the plaintiff for the purposes of maintaining suit thereon.

It was testified by George Belles that the executive offices of his principal were in New York, that it had branches on the Pacific coast, and had complied with the laws of this state by filing its articles of incorporation here; that he was general manager of the Los Angeles branch, which was maintained for the purpose of making sales throughout southern California; that the defendant purchased merchandise at said branch, for which he was rendered monthly statements, and given credit for payments on account. It also appears that the business in southern California of the concern alternately mentioned throughout the record by both names, including the defendant's account, was under the supervision and control of Belles. The defendant testified that he received at Belles' place of business a statement of his account upon the stationery of Lee Tire & Rubber Company of New York, Inc., and that he there made payments to the Lee Tire & Rubber Company, for which he was given receipts by Belles on account of purchases made from time to time. It appears that the plaintiff merely signed his name to the assignment, and that his counsel wrote beneath it the corporate name in the abbre-

viated form. There is no evidence that appellant did business with any other merchant of a similar name, that Belles represented any other concern, or that his assignor had any other place of business in California. Since the defendant's creditor was generally recognized and understood in business transactions and in this suit, under its full name as well as the company name, as one and the same, the variance, if any, was of no prejudicial consequence to appellant.

▉ Nor do we consider the agent's authority to assign the account for collection doubtful. It is not questioned that he had general direction and control of the affairs of the corporation in the district where both parties apparently transacted all of their California business, and that he had full charge of all sales and collections for his superior, with whom appellant dealt and to whom he was found to have owned the obligation in controversy. ▉ Under the evidence before us we cannot say that appellant was misled or that the rendition of judgment in favor of the plaintiff upon the subject matter of the suit could legally be held without prejudice to future litigation upon the same cause of action. (*Commercial Security Co.* v. *Modesto Drug Co.*, 43 Cal. App. 162 [184 Pac. 964]; *Simpson* v. *Malter*, 43 Cal. App. 662 [185 Pac. 675].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.