[S. F. No. 4996. In Bank.—November 19, 1909.]

## SAMPSON B. WRIGHT, Appellant, v. COUNTY OF SONOMA, Respondent.

EXPRESS CONTRACT—TORTIOUS TAKING OF WATER—NOTICE OF DAMAGES THAT WOULD BE CLAIMED—OFFER AND ACCEPTANCE.—A notice given by the owner of a well, forbidding a trespasser to take water therefrom, and demanding the payment of fifty dollars per day for each and every day on which the water was taken in violation of the notice, cannot be construed as an offer by the owner to sell the water at that rate, so as to bind the trespasser, who continued to take the water after receipt of the notice, to pay therefor at the rate demanded, on the theory that an express contract was thereby created.

ID.—NOTICE OF DAMAGES NOT OFFER TO SELL—QUANTUM MERUIT.—Such a notice was no more than a notification of the amount of damage that the owner would claim for the taking of the water without his consent, and the continued taking of the water by the trespasser, even after it had acquired knowledge of a judicial decision denying its right thereto, was not an acceptance by it of an offer to sell the water for a specified price. The only right the owner could assert under the circumstances would be to sue for the reasonable value of the water taken.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order refusing a new trial. Albert G. Burnett, Judge presiding at trial. Thomas C. Denny, Judge denying motion for new trial.

The facts are stated in the opinion of the court.

T. J. Butts, for Appellant.

Clarence F. Lea, and G. W. Hoyle, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment for defendant and from an order denying his motion for a new trial, in an action to recover the sum of eighty-six hundred dollars for water taken by defendant, by one of its road commissioners, for the purpose of sprinkling a public highway, from a well bored by it in said public highway.

The plaintiff is the life tenant of the land traversed by that portion of said highway on which said well is situated, subject to such rights therein as are possessed by defendant and the public by reason of the fact that the same constitutes a public highway. Defendant took and used water for sprinkling said highway from June 10, 1903, to October 8, 1903, 120 days—and on 52 days, from May 10, 1904, to July 12, 1904. Plaintiff's claim is based solely on the theory that there was an express contract for the payment by defendant to plaintiff of the sum of fifty dollars for each day on which water was taken by it from said well, there being no allegation in the complaint as to the reasonable value of the water taken, or any allegation of damage to plaintiff by reason of such taking. In view of the findings based on evidence without conflict, there can be no dispute as to the facts material on

the issue of express contract, and those facts completely disprove the theory of any such contract. About May 27, 1903, defendant's road commissioner commenced the construction of said well, and, the same having been completed, commenced to take water therefrom for the purpose of sprinkling said highway, all without the consent of plaintiff. Plaintiff and others interested in the land, thereupon, on June 10, 1903, notified such road commissioner, in writing, that he was forbidden to take any water from said well, and that in case he disregarded such notice, the owners "hereby demand" fifty dollars per day for each and every day on which he removed water in violation of the notice, "as compensation for the taking of said water." The well was bored and the water used for sprinkling purposes, with the knowledge of the board of supervisors of Sonoma County solely under the *bona fide* claim that the county had the lawful right to so take and use the water. On June 20, 1903, plaintiff commenced an action in the superior court of Sonoma County to obtain a decree enjoining said road commissioner from taking said water. On September 22, 1903, the superior court rendered judgment in said cause, that plaintiff take nothing by his action. An appeal was taken by plaintiff from said judgment to the supreme court, and on May 11, 1904, the supreme court rendered a decision holding that defendant had no right to take or use said water, and directing the entry of judgment by the lower court in favor of plaintiff. (*Wright* v. *Austin,* 143 Cal. 236, [101 Am. St. Rep. 97, 76 Pac. 1023].) The road commissioner and law officers of the county had knowledge of this decision within a few days after the opinion was filed, but the *remittitur* from the supreme court was not returned and filed in the clerk's office of Sonoma County until July 11, 1904. There is no claim that any water was taken subsequent to July 12, 1904.

It appears too clear for question that there was no express contract between the parties for the use of this water. There was never any assent on the part of plaintiff to the use by defendant of such water on any terms, and all water taken was taken against the will, and without the consent of plaintiff. The notice given by plaintiff and his co-owners expressly forbade the use of the water at all. The provision therein to the effect that the owners demand fifty dollars for each and

every day on which the notice to refrain from taking water is violated, cannot be construed as a proposition to sell water at that rate. It amounted to no more than a notice of the amount of damage that the owners would claim for the taking of the water without their consent. And the taking of the water by defendant under the circumstances shown, even after the decision of the supreme court in regard to the relative rights of the parties became known to it, cannot be held to show any acceptance by it of the proposition to sell the water for a specified price. The cases cited by learned counsel for plaintiff in this regard are all cases in which the conduct of the party was such as to afford reasonable evidence of his consent to a proposition theretofore made.

So far as any right to compensation for water actually taken is concerned, which is the only right asserted in this action, as was said by the learned trial judge, "the only claim open to plaintiff was for the reasonable value of the water." No such claim has been asserted, the plaintiff, both in his complaint and throughout the proceeding, relying exclusively on his claim that there was an express contract for fifty dollars for each day on which water was used from said well.

The judgment and order denying a new trial are affirmed.

Sloss, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.