[Civ. No. 17993.   Second Dist., Div. Two.   Dec. 6, 1950.]

JACK SHERMAN, Respondent, v. ASSOCIATED TELE-
PHONE COMPANY, LTD., Appellant.

O'Melveny & Myers, and John Whyte for Appellant.

Edward Mosk for Respondent.

WILSON, J.—Plaintiff is the owner and occupant of resi-
dential property in Santa Monica.   Defendant has a 4-foot
easement along the boundary of plaintiff's property for the
maintenance of telephone wires; it erected wires within the
lines of its easement and also over plaintiff's property outside
the easement.   Plaintiff brought this action for damages and re-
covered judgment for $1,000 from which defendant has ap-
pealed.

The complaint alleges that defendant's wires and cables are strung along plaintiff's property within a few feet of his bedroom window; that they are so close to the fruit trees as to affect their proper growth, and are so close to his garage as to make it impossible to rebuild according to plaintiff's plan. The evidence sustains the foregoing allegations of the complaint but it was also proved that prior to the trial of the action all wires and cables had been brought within the lines of defendant's easement.

The complaint further alleges that the placing of the wires on plaintiff's property caused depreciation of its value, to his damage in the sum of $10,000. The only evidence under the allegation of general damages was that of a realtor who testified that the value of the property was less at the time of the trial than in 1946. ■ Since the wires had been removed long prior to the trial and since there is no evidence that the value of the property depreciated between 1946 and the date of removal of the wires, such evidence does not sustain a judgment for general damages.

■ Judgment for $1,000 was awarded plaintiff "as reasonable rental value of defendant's use and occupation of plaintiff's property pursuant to section 3334 of the Civil Code." There is no allegation in the complaint as to the reasonable value of the use and occupation of the property, no evidence was introduced as to such value and there was no finding as to the reasonable value of the use and occupation. Plaintiff notified defendant in writing to remove the wires within three days and that unless the wires were removed within three days he would charge defendant the sum of $25 per day for each day the wires remained on plaintiff's property.

The facts in the instant action are similar to those in *Wright* v. *County of Sonoma,* 156 Cal. 475 [105 P. 409, 134 Am.St. Rep. 140]. In that case plaintiff, the owner of a well, gave written notice to defendant, a trespasser who had been taking water from the well, that he was forbidden to take any water therefrom and that in case he disregarded the notice the owners "hereby demand" $50 per day for each and every day in which he removed water in violation of the notice "as compensation for the taking of said water." The defendant continued to remove water from the well and plaintiff sued to recover the sum of $8,600 for water taken. Judgment for defendant was affirmed upon appeal. The action was founded on the theory there was an express contract. The court stated

that the provision in the notice that the owners would charge $50 a day could not be construed as a proposal to sell water at that rate and amounted to no more than a notice of the amount of damages the owners would claim for the taking of the water without their consent. The court pointed out that the only claim open to plaintiff was for the reasonable value of the water but that no such claim had been asserted.

Since plaintiff has not alleged or proved the reasonable value of the use and occupation of the property he is not entitled to the ''reasonable rental value of defendant's use and occupation'' for which he received judgment.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.