[Civ. No. 36433. Second Dist., Div. Four. Dec. 31, 1970.]

SANDRA J. SORG, Plaintiff and Respondent, v.
FRED WEISZ & ASSOCIATES, Defendant and Appellant.

## COUNSEL

Martin & Flandrick and Robert A. Neher for Defendant and Appellant.

Roemer & Hamwi, Richard I. Roemer and F. Warde Brand, Jr., for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—Defendant appeals from a judgment awarding plaintiff an amount which the court concluded was due under a contract. The facts were stipulated and are set forth below.

G. M. Russell and Catherine S. Russell are the owners of a 40-acre parcel of land in Los Angeles, California, one acre of which is leased to Paul R. McClintock. On December 26 and 27, 1967, pursuant to a purported authorization obtained from McClintock, defendant dumped approximately 15 truckloads of asphalt, concrete, and other waste material on the Russell property. The authorization in fact related only to the McClintock leasehold, 200 feet distant from the closest portion of the deposited material.

Between December 26, 1967, and February 9, 1968, the Russells informed defendant that this dumping was improper and requested removal

of the waste material. On February 12 defendant received the following letter from the Russells' attorneys:

> "February 9, 1968
>
> ". . . . . . . . . . . . . . . . . .
>
> "Gentlemen:
>
> "On or about December 26-27, 1967 you and your company unlawfully dumped an estimated 200-300 tons of waste and rubbish on our client's land near 135th Street and South Broadway, Los Angeles, California.
>
> "Repeated demands made on you to remove this waste and rubbish from said land have been ignored. Demand is again made on you to immediately remove this waste and rubbish from said land.
>
> "Your conduct constitutes an unlawful trespass and conversion and our client will look to you for all damages flowing therefrom. Compensation for such trespass at the rate of $150.00 per day is demanded by return remittance.
>
> "Our client is willing to grant to you a revocable license to continue your storing this waste and rubbish and use of the land to the extent the same is presently being used. This revocable license is contingent upon the payment to our client of the sum of $150.00 per day for each day such use continues. Said sums are to be payable daily and any unpaid sums are to bear interest at full legal rate plus reasonable attorneys fees and all costs of collection whether or not an action that proceeds to judgment is brought.
>
> "Your continued use of the property for storing this waste and rubbish will constitute your acceptance of this revocable license.
>
> ". . . . . . . . . . . . . . . . . .
>
> "Yours very truly,
>
> of ROEMER AND HAMWI"

Defendant did not reply to this letter until two weeks later, when in a letter dated February 26, 1968, an attorney representing defendant asserted that the dumping had been done with the permission of P. R. McClintock who (the letter stated) was then "the person in lawful possession of the premises." The letter further asserted that McClintock intended to use the asphalt and concrete as fill on his property. On March 14, 1968, however, 32 days after receipt of the "offer" letter, defendant caused the waste material to be removed from the property in question.

It was further stipulated that the cause of action upon which the suit was

brought was duly assigned to plaintiff by the Russells, that the defendant acknowledged that it did not have the right to dump the waste material on the Russell property, and that the sole issue to be determined at trial was whether plaintiff was "entitled to be compensated pursuant to the terms and conditions as set forth in said letter of February 9, 1968" for the 32-day period during which the waste material was located there.

After a nonjury trial the court concluded that the February 9 letter constituted an offer of a revocable license for continued use of the Russell property, and that defendant, by its failure to remove the waste material within a reasonable time after receipt of the letter (which the court found to be four days), was "deemed to have accepted said offer," forming a contract in accordance with the terms contained therein. Judgment was entered for plaintiff under the contract, whereupon defendant prosecuted this appeal.

■ The tactic of attempting to create a contract by a letter stating a price, on the theory that silence and inaction would constitute an acceptance, has been consistently rejected by the courts. (See *Leslie* v. *Brown Brothers Incorporation* (1929) 208 Cal. 606, 621 [283 P. 936]; *Russell* v. *Union Oil Co.* (1970) 7 Cal.App.3d 110 [86 Cal.Rptr. 424]; *Sherman* v. *Associated Telephone Co.* (1950) 100 Cal.App.2d 806 [224 P.2d 846]; *Pacific States Corporation* v. *Arnold* (1914) 23 Cal.App. 672, 675 [139 P. 239]. See also *Wright* v. *County of Sonoma* (1909) 156 Cal. 475, 477 [105 P. 409].) The *Russell* case, *supra,* involves the same property owners as in this case, attempting to create an obligation to pay $150 per day for a telephone line placed across the Russell property.

"Silence in the face of an offer is not an acceptance, unless there is a relationship between the parties or a previous course of dealing pursuant to which silence would be understood as acceptance." (*Southern Cal. Acoustics Co.* v. *C. V. Holder, Inc.* (1969) 71 Cal.2d 719, 722 [79 Cal. Rptr. 319, 456 P.2d 975]. See also Rest., Contracts, § 72.)

■ In the case at bench there is no showing of any prior dealings or communication or any other relationship between the Russells and defendant. There is certainly no basis upon which the Russells could reasonably have concluded that defendant intended to accept the obligation to pay $150 per day. The trial court made no finding that defendant did so intend, and there was no basis for an implied finding to that effect. Rather the decision rests upon the supposed legal effect of the Russells' letter and the defendant's silence and inaction for a period in excess of four days.

The Russells attempted to construct a bilateral agreement by the fictional grant of a license "for storing waste and rubbish." Even if it could be said

that defendant was using the Russell property, its silence and inaction did not constitute acceptance of the price named by the owners. In the *Russell* and *Sherman* cases, *supra,* the plaintiffs were offering to grant licenses for telephone lines already on the property; in *Pacific States, supra,* the plaintiff was trying to fix rent to be paid by a party already in possession; and in *Wright, supra,* the plaintiff was trying to fix a price for taking water. Yet in each of those cases the plaintiff's letter was held not to establish a contract price.

The case at bench is even stronger for defendant. In the cited cases the defendants were obtaining continuing benefits from the trespasses. Here the defendant dumped rubbish on the Russell land. It is a misuse of the English language to assert that defendant was "storing" this pile of broken asphalt and concrete. The plain truth was that defendant had abandoned this rubbish and had no further interest in it. Defendant's conduct was a trespass, for which reasonable damages might have been assessed upon proof of damage, but not on any pretense that a license had been sought or accepted.

The judgment is reversed.

Jefferson, J., and Irwin, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.