[Civ. No. 38618. First Dist., Div. Three. Feb. 17, 1977.]

UNITED STANFORD EMPLOYEES, LOCAL 680 et al.,
Plaintiffs and Appellants, v.
BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR
UNIVERSITY et al., Defendants and Respondents.

**COUNSEL**

Wolpman, Carlson & Potack, James Wolpman and Richard Potack for Plaintiffs and Appellants.

William A. Siegel, County Counsel, Steven Woodside, Deputy County Counsel, and Michael H. Hudnall for Defendants and Respondents.

**OPINION**

DEVINE, J.*—This is an appeal following dismissal upon the sustaining of a general demurrer without leave to amend in a class action challenging the imposition of parking fees by Stanford University.

On August 1, 1975, plaintiffs on behalf of themselves and "all staff and faculty employed by Stanford University who operate vehicles on Stanford University grounds and all people who regularly work and operate vehicles on Stanford University grounds" filed a complaint against, among others, the Board of Trustees of Stanford University and the Board of Supervisors of Santa Clara County, alleging in substance as follows:

On or about May 14, 1975, a parking policy, new in many respects, for Stanford University was adopted. It imposes charges on faculty, staff and students for parking in certain designated areas, although a registration

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

fee has been charged since 1956. These charges amount to an annual fee of $40 for staff, $48 for faculty members and $32 for off-campus students in areas convenient to the campus. The fees will bring in revenue projected to be 125 percent to 250 percent of the parking administration costs. Approximately 3,600 free parking spaces in areas remote from the center of campus are available but are insufficient to accommodate all vehicles normally on the campus on any one day. The parking plan was adopted under the authority of California Vehicle Code section 21113 which provides that no one may operate or park a vehicle on the grounds of certain institutions, including private colleges and universities, except with the permission of, and subject to the conditions and regulations imposed by the governing board or officers of the institution. A violation of Vehicle Code section 21113 may result in the issuance of a citation by the Sheriff of Santa Clara County.

Appellants' major contentions and our dispositions of them follow, although not exactly in the manner or order selected by appellants:

*Appellants' Contention No. 1:* That section 21113 delegates only the police power to regulate parking, traffic, etc., not the power to impose a charge which is in the nature of a tax and is enforced by the sheriff, the district attorney and the courts. It was conceded by counsel for appellants at oral argument that the university may charge a fee to park, but it was argued that failure to pay or breach of the conditions of rental cannot be enforced by public authority.

█ *Disposition:* (1) The registration fee is not collected by public authority; it is the subject of contract between the university and the individual who wishes to make use of the university's property. It is not a tax at all (the use of the term "tax" by one Stanford officer in correspondence does not make it so), for no one is required to pay it. A sales tax truly is a tax, because although the purchaser of goods *chooses* to buy the particular articles, he is *obliged* to pay the sales tax which goes for general public purposes. The driver who parks in violation of the condition imposed by the landowner does not pay anyone a tax; he may be obliged to pay a fine, which is not allocated to the landowner but to the appropriate governmental unit. The fact that the fee exceeds the cost of providing the service does not convert the payment, tacitly but freely agreed upon, into a tax.

(2)(a) Because section 40000.1 of the Vehicle Code, which makes violation of section 21113 (and many other sections) an "infraction" (bail

was $2), the state undeniably *does* assist the university in enforcing the "conditions and regulations" for parking. But the section says that *"No person shall . . . park . . . except . . . subject to such conditions and regulations . . . ."* (Italics added.) A prohibitory law without appropriate sanctions would be worthless; indeed, a stultifying exhibit. The state also has provided owners of land with sanctions against trespassers by the detailed strictures of section 602 of the Penal Code (heading: "Trespasses upon land enumerated"), several of these referring *to* refusal to leave property on request of owners or of their agents, and one of which, subdivision (4)(m), expressly refers to driving a vehicle on land not generally open to the public. Violation is much more than an infraction, it is a misdemeanor. The condition to some of these proscriptions is the request to leave; in the case before us, it is the nonpayment of the perfectly legitimate contractual registration fee.

(b) There is an even more directly related provision (although not a penal statute), section 22658 of the Vehicle Code, which permits the landowner to cause an impermissibly parked vehicle to be towed to the nearest public garage under certain conditions. Thus Stanford could condition parking upon payment of the fee; post signs; notify police or the sheriff of any violation; and then proceed on its own to have vehicles parked in violation of the condition towed at considerable expense and inconvenience and, presumably, with disagreeable consequences in faculty-administrative-student relations. It is difficult to believe that this cumbersome, expensive and rather offensive procedure would be preferred by the Legislature over the comparatively mild results of infraction, citation and light penalty provided by a combination of sections 21113 and 40000.1. Besides, the enforcement of section 22658, despite its provisions for self-help, is dependent in part on state action in the form of the garageman's lien for towage and parking provided by section 22851 of the Vehicle Code. The owner of the vehicle would pay the garageman instead of the clerk of the court.

█ *Appellants' Contention No. 2:* That because section 21113 is contained in that part of the code which has to do with rules of the road, it must be construed as relating only to traffic control and to safe and orderly parking.

*Disposition:* (1) A reading of division 11 of the Vehicle Code reveals that it covers a broad range of topics under the heading "Rules of the Road." For example, chapter 1, which contains Vehicle Code section 21113, also contains section 21112, which provides for licensing and

regulation of the location of taxicabs. Section 21100 includes the licensing and regulation of the operation of tow car service. Furthermore, where the Legislature intended to limit enforcement to safety regulations, it has specifically provided for such limitation. Section 21107.8 provides that in private parking facilities held open for the use of the public, any city or county may provide that speed and reckless driving provisions of the Vehicle Code shall apply thereto.

(2) But there is also positive evidence that section 21113 is broad enough to include a fee as a condition the violation of which constitutes an infraction. The section allows the governing board to impose "conditions and regulations." The fee is a *condition*, a term upon which (perhaps with others) a designated person may park. A *regulation* is a rule which governs the manner of parking by one who has met the *condition*. The word "regulation" would have sufficed had the statute been meant to cover only the details of putting one's vehicle into an appropriate place, etc. Indeed, the prayer of appellants' complaint asks that defendants be enjoined from collecting or enforcing the collection of any fee "as a *condition*" of the right to park.*

■ *Appellants' Contention No. 3:* That because parking meter fees are regulated by statute (Veh. Code, § 22508 provides that fees must be established by ordinance approved by the Department of Public Works), the Legislature cannot have intended to dispense with standards under section 21113.

*Disposition:* There is a distinction between the parking meter statutes and cases cited by appellants and the instant case. The streets are public (Veh. Code, § 590) and, therefore, regulation of their use must be effected by legislative enactment, state or local. The Stanford campus is private property, the use of which for parking is subject to conditions and regulations under section 21113. Persons who seek to park on the campus are in large part a limited class with special interest in habitual use of reserved spaces—in fact, all of appellants are employees of Stanford. The general mass of taxpayers is not affected. The same conclusion applies to appellants' argument that it is unconstitutional to delegate regulatory power without prescribing guidelines. This is so where large public interests are involved, such as forest practices, wherein the manner of harvesting of timber is of prime importance to the public

*As said above, appellants conceded at oral argument that a fee could be collected, but not that the fee is authorized by the Vehicle Code and is enforceable by that code.

generally, as was held in *Bayside Timber Co.* v. *Board of Supervisors,* 20 Cal.App.3d 1 [97 Cal.Rptr. 431], cited by appellants. No large public interest, such as in price-fixing statutes which restrain competition and affect the whole community, is involved. The enforcement of the proscriptions of section 21113 of the Vehicle Code, by processes of the law, is a reasonable and orderly sanction.

The judgment is affirmed.

Draper, P. J., and Good, J.,* concurred.

A petition for a rehearing was denied March 18, 1977, and appellants' petition for a hearing by the Supreme Court was denied April 14, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.